# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-18-262-SLP |
| | ) | |
| 1. TONY DOUGLAS LACY, | ) | |
| 2. KAMI FAYE LACY, | ) | |
|   a/k/a Kami Faye Odum, | ) | |
| 3. POTTAWATOMIE COUNTY TREASURER, | ) | |
| 4. BOARD OF COUNTY COMMISSIONERS OF | ) | |
|   POTTAWATOMIE COUNTY; | ) | |
|     Defendants. | ) | |

## COMPLAINT FOR FORECLOSURE

1.    Jurisdiction depends upon 28 U.S.C. § 1345.

2.    Tony Douglas Lacy defaulted on promissory notes and mortgage, attached as Exhibits 1, 2, 3 and 4 hereto (recorded in Pottawatomie County on March 9, 2015. in Book 1310 at Page 237).  Plaintiff is entitled to judgment for the amount due on the note:

| | |
|---|---|
| Principal | $ 290,953.85 |
| Accrued interest as of January 31, 2018 | $  19,663.33 |
| Amount due as of January 31, 2018 | $ 310,617.18 |

plus accruing interest on the principal at the rate of $28.46 *per diem* from January 31, 2018, to the date of judgment.  Verification of indebtedness is attached as Exhibit 5.

3.    Plaintiff is entitled to foreclosure of its first mortgage lien and sale of the mortgaged premises in partial satisfaction of the note and debt owing.

4.    Legal description of the mortgaged premises:

Surface interest only:

The Southeast Quarter of the Southwest Quarter (SE/4 SW/4) and the Southwest Quarter of the Southeast Quarter (SW/4 SE/4) and a tract described as beginning at the Southwest Corner of the Southeast Quarter of the Southeast Quarter (SE/4 SE/4); thence East 256 feet; thence North 256 feet; thence West 256 feet; thence South 256 feet to the point of beginning, all in Section Four (4), Township Nine (9) North, Range Three (3) East of the Indian Meridian, Pottawatomie County, Oklahoma;

LESS AND EXCEPT a tract of land described as beginning 2292.84 feet West of the Southeast Corner of said Section Four (4), Township Nine (9) North, Range Three (3) East; thence N00º06′03″ E a distance of 565.73 feet; thence S89º50′47″ W a distance of 670.4 feet; thence S00º06′1″ W a distance of 566.73 feet; thence East a distance of 670.41 feet to the point of beginning; and

LESS AND EXCEPT a tract of land in Section Four (4), Township Nine (9) North, Range Three (3) East of the Indian Meridian, Pottawatomie County, Oklahoma, described as beginning at a point 2292.84 feet West and 565.73 feet N00º 06′03″ E of the Southeast corner of said Section 4; thence N00º 06′03″ E a distance of 156.6 feet; thence S89º50′47″ W a distance of 826.91 feet; thence S00º06′11″ W a distance of 722.81 feet; thence East a distance of 156.5 feet; thence N00º 06′1″ E a distance of 566.73 feet; thence N89º50′47″ E a distance of 670.41 feet to the point of beginning.

5.    Defendant Kami Faye Lacy, a/k/a Kami Faye Odum, may as a result of her marriage to and subsequent divorce from Tony Douglas Lacy claim some right, title or interest in the mortgaged premises, but such interests are inferior and subordinate to the prior mortgage lien of plaintiff.

6.     Defendant Pottawatomie County, as a result of personal property taxes, may claim some right, title or interest in the mortgaged premises, but such interests are inferior to the mortgage lien of plaintiff.

WHEREFORE, plaintiff prays for judgment against Defendant Tony Douglas Lacy in the sum of $ 310,617.18 as of January 31, 2018, together with accruing interest at the rate of $28.46 *per diem* from January 31, 2018, to the date of judgment; and for foreclosure of its mortgage lien, determination of its first lien priority against all defendants and sale of the mortgaged premises pursuant to judgment. **Plaintiff elects to sell this property without appraisal.**

MARK A. YANCEY
UNITED STATES ATTORNEY

*s/KAY SEWELL*
Assistant U.S. Attorney
OBA 10778
210 Park Avenue, Suite 400
Oklahoma City, OK 73102
Telephone: (405) 553-8807
Fax: (405) 553-8885
Email: kay.sewell@usdoj.gov

This form is available electronically.

Form Approved - OMB No. 0560-0237
(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)

**FSA-2026**
(12-05-12)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| Tony Douglas Lacy | Oklahoma | Pottawatomie |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 42-63-■8584 | 44 | 01 | 02/20/2015 |

**8. TYPE OF ASSISTANCE**

Direct-Annual Operating Loan-
Regular-1 year-SDA (104)

**9. ACTION REQUIRING PROMISSORY NOTE:**

- [X] Initial loan
- [ ] Conservation easement
- [ ] Deferred payments
- [ ] Consolidation
- [ ] Rescheduling
- [ ] Debt write down
- [ ] Subsequent loan
- [ ] Reamortization

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)*   Ada, Oklahoma   or at such other place as the Government may later designate in writing, the principal sum of *(b)*  Six Thousand Five Hundred and 00/100------------------------------------------------
------------------------- dollars *(c)* ($  6,500.00                                 , plus interest on the unpaid principal balance at the **RATE** of *(d)*  two and five eighths

percent *(e)*   2.625   %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*   One (1)
installments as indicated  below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $  6,671.00 | 02/20/2016 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $   NA   thereafter on the *(e)*   NA   of each *(f)*   Year   until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*   One (1)   years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.

Initial _TL_   Date 2-20-15

Exhibit 1 - Promissory Note01 02-20-2015

**FSA-2026** (12-05-12)

13. Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14. Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15. Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16. Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17. If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18. Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19. If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _____   Date _____

**FSA-2026** (12-05-12)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**

Tony Douglas Lacy _____ Date 2·20·15

Tecumseh, OK 74873

| NOTE: | The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 *et. seq.*). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.** |

This form is available electronically.

*Form Approved - OMB No. 0560-0237*
*(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)*

**FSA-2026**
(12-05-12)

**U.S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 2

## PROMISSORY NOTE

| 1. Name | 2. State | 3. County |
|---|---|---|
| Tony Douglas Lacy | Oklahoma | Pottawatomie |

| 4. Case Number | 5. Fund Code | 6. Loan Number | 7. Date |
|---|---|---|---|
| 42-63-☐8584 | 44 | 02 | 02/20/2015 |

| 8. TYPE OF ASSISTANCE | 9. ACTION REQUIRING PROMISSORY NOTE: |
|---|---|
| Direct-Operating Loan-Regular-7 year-SDA (106) | ☐ Initial loan  ☐ Conservation easement  ☐ Deferred payments<br>☐ Consolidation  ☐ Rescheduling  ☐ Debt write down<br>☒ Subsequent loan  ☐ Reamortization |

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in *(a)*  Ada, Oklahoma  or at such other place as the Government may later designate in writing, the principal sum of *(b)*  Forty Thousand and 00/100--------------------------------------------
dollars *(c)* ($  40,000.00  , plus interest on the unpaid principal balance at the **RATE** of *(d)*  two and five eighths
percent *(e)*  2.625  %) per annum. If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address. The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  Seven (7)
installments as indicated  below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $  6,330.00 | 02/20/2016 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $  6,330.00  thereafter on the *(e)*  20th of February  of each *(f)*  Year  until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*  Seven (7)  years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government. Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from the actual date disbursed.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC 20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.*

Initial _TL_  Date_2-20-15_

Exhibit 2 - Promissory Note02 02-20-2015

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14.  Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15.  Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16.  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17.  If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a)<br>FUND CODE/<br>LOAN NO. | (b)<br>FACE AMOUNT | (c)<br>INTEREST RATE | (d)<br>DATE<br>(MM-DD-YYYY) | (e)<br>ORIGINAL BORROWER | (f)<br>LAST INSTALL.<br>DUE<br>(MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18.  Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19.  If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial **TL**          Date **2-20-15**

**FSA-2026** (12-05-12)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**


Tony Douglas Lacy                                                        Date: 2-20-15

Tecumseh, OK 74873


**NOTE:**    The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended).  The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.).  The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower.  Providing the requested information is voluntary.  However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees.  The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.  The valid OMB control number for this information collection is 0560-0237.  The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

This form is available electronically.

*Form Approved - OMB No. 0560-0237*
*(See Page 3 for Privacy Act and Paperwork Reduction Act Statements.)*

| FSA-2026<br>(12-05-12) | U.S. DEPARTMENT OF AGRICULTURE<br>Farm Service Agency | Position 2 |
|---|---|---|

## PROMISSORY NOTE

| 1. Name<br>Tony Douglas Lacy | 2. State<br>Oklahoma | 3. County<br>Pottawatomie |
|---|---|---|

| 4. Case Number<br>42-63-⬛8584 | 5. Fund Code<br>41 | 6. Loan Number<br>03 | 7. Date<br>02/20/2015 |
|---|---|---|---|

| 8. TYPE OF ASSISTANCE<br><br>Direct-Farm Ownership-<br>Regular-SDA-Ethnic (031) | 9. ACTION REQUIRING PROMISSORY NOTE:<br><br>[X] Initial loan   [ ] Conservation easement   [ ] Deferred payments<br>[ ] Consolidation   [ ] Rescheduling   [ ] Debt write down<br>[ ] Subsequent loan   [ ] Reamortization |
|---|---|

10. FOR VALUE RECEIVED, the undersigned borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture ("Government"), or its assigns, at its office in  *(a)*   Ada, Oklahoma   or at such other place as the Government may later designate in writing, the principal sum of *(b)*  Two Hundred Forty Thousand and 00/100------------------------------------------------
dollars *(c)* ($  240,000.00   , plus interest on the unpaid principal balance at the **RATE** of *(d)*  three and three fourths
percent *(e)*   3.75   %) per annum.  If this note is for a Limited Resource loan (indicated in Item 8) the Government may **CHANGE THE RATE OF INTEREST** in accordance with its regulations, by giving the borrower thirty (30) days prior written notice by mail to the borrower's last known address.  The new interest rate shall not exceed the highest rate established in the Government's regulations for the type of loan indicated in Item 8.

11. Principal and interest shall be paid in *(a)*  Thirty (30)
installments as indicated  below, except as modified by a different rate of interest on or before the following dates:

| (b) Installment amount | (c) Due Date | (b) Installment amount | (c) Due Date |
|---|---|---|---|
| $      13,462.00 | 02/20/2016 | $ | |
| $ | | $ | |
| $ | | $ | |
| $ | | $ | |

and *(d)* $   13,462.00   thereafter on the *(e)*   20th of February   of each *(f)*   Year   until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable *(g)*   Thirty (30)   years from the date of this note, and except that prepayments may be made as provided below.  The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

12. If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the borrower as requested by the borrower and approved by the Government.  Approval by the Government will be given, provided the advance is requested for a purpose authorized by the Government.  Interest shall accrue on the amount of each advance from the actual date disbursed.

*The U.S. Department of Agriculture (USDA) prohibits discrimination in all of its programs and activities on the basis of race, color, national origin, age, disability, and where applicable, sex, marital status, familial status, parental status, religion, sexual orientation, political beliefs, genetic information, reprisal, or because all or part of an individual's income is derived from any public assistance program. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).  To file a complaint of discrimination, write to USDA, Assistant Secretary for Civil Rights, Office of the Assistant Secretary for Civil Rights, 1400 Independence Avenue, S.W., Stop 9410, Washington, DC  20250-9410, or call toll-free at (866) 632-9992 (English) or (800) 877-8339 (TDD) or (866) 377-8642 (English Federal-relay) or (800) 845-6136 (Spanish Federal-relay).  USDA is an equal opportunity provider and employer.*

Initial  *TL*   Date *2-20-15*

Exhibit 3 - Promissory Note03 02-20-2015

**FSA-2026** (12-05-12)

13.  Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by the Borrower to the Government without demand.

14.  Every payment made on any indebtedness evidenced by this note shall be applied according to priorities set in 7 CFR Part 765, or any successor regulation.

15.  Prepayment of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of the Borrower to pay the remaining installments as scheduled in this note.

16.  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, the Borrower will operate such property as a farm.

17.  If "Debt Write Down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in Item 9, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of, the unpaid principal and interest on the following described notes or assumption agreements under new terms:

| (a) FUND CODE/ LOAN NO. | (b) FACE AMOUNT | (c) INTEREST RATE | (d) DATE (MM-DD-YYYY) | (e) ORIGINAL BORROWER | (f) LAST INSTALL. DUE (MM-DD-YYYY) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

18.  Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidation, write down, rescheduling, or reamortization.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

19.  If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, the Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan or a Conservation Loan.

Initial _T C_      Date _2-20-15_

**FSA-2026** (12-05-12)

20. The Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 CFR Part 1940, subpart G, Exhibit M, or any successor regulation.

21. Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute DEFAULT under this and any other instrument evidencing a debt of the Borrower owing to the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. Upon such default, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

22. This note is given as evidence of a loan to the Borrower made by the Government pursuant to the Consolidated Farm and Rural Development Act and for the type of loan as indicated in Item 8. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

23. Presentment, protest, and notice are waived.

**Signature(s) As Described In State Supplement:**


Tony Douglas Lacy _____ Date 2-20-15 _____

Tecumseh, OK 74873

NOTE:   The following statement is made in accordance with the Privacy Act of 1974 (5 U.S.C. 552a - as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  **RETURN THIS COMPLETED FORM TO YOUR COUNTY FSA OFFICE.**

Filed 2015-2012 Book 1310 Pg 227
02/20/2015 1:13 pm Pg ____
Fee: $ 25.00   Doc: ____
Joquita Walton - Hughes County Clerk
State of Oklahoma

...record in
POTTAWATOMIE OKLAHOMA
RAESHEL FLEWALLEN, COUNTY CLERK
03-09-2015 At 09:49 am.
MORTGAGE       25.00

Form Approved – OMB No. 0560-0237
(See Page 6 for Privacy Act and Paperwork Reduction Act Statements)

**FSA-2029 OK**
(08-13-14)

**U. S. DEPARTMENT OF AGRICULTURE**
Farm Service Agency

Position 5

### MORTGAGE FOR OKLAHOMA

Instrument    PG    1 OF    7
201500002561

THIS MORTGAGE ("instrument") is made on ___February 20th___ , 20 _15_ . The mortgagor is ___Tony Douglas Lacy and Kami Faye Lacy, husband and wife___
("Borrower") whose mailing address is ___Tecumseh, OK 74873___

This instrument is given to the United States of America through the Farm Service Agency, United States Department of Agriculture ("Government") located at ___1328 Cradduck Road, Ada, OK 74820___

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"), which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 02/20/2015 | $ 240,000.00 | 3.75 % | 02/20/2045 |
| 02/20/2015 | $ 40,000.00 | 2.625 % | 02/20/2022 |
| 02/20/2015 | $ 6,500.00 | 2.625 % | 02/20/2016 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with interest, made by the Government; and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan agreements.

In consideration of any loan made by the Government under the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et seq. as evidenced by the note, Borrower irrevocably mortgages, grants and conveys to Government the following described property situated in the State of Oklahoma, County or Counties
**Pottawatomie and Hughes**

See attached Exhibit A for legal description.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments, appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not limited to proceeds and accessions that are now or hereafter included in, affixed, or attached to "the property."

TREASURER'S ENDORSEMENT and issued receipt No. 1617 ... therefore, in payment of mortgage tax ... 20 ___ Dawn Lindsey, Hughes County Treasurer by ___ Deputy.

I hereby certify that I received $ ___ on this ___ day of ___

TREASURER'S ENDORSEMENT, I hereby certify that I received
$ ___ and issued Receipt No: ___1550___
herefor in payment of mortgage tax on the within Mortgage.
Dated this ___10th___ day of ___March___ 2015
Pottawatomie County Treasurer
By ___ WENDY MAGNUS ___ Deputy.

FSA-2029 OK (08-13-14) Page 1 of 6

Initial ___TL___   Date ___2-20-15___
___KL___            ___2-20-15___

Exhibit 4 - Mortgage 02-20-2015

Book 1310 Pg 238
Fee:   $ 2(    Doc:   $ 0.00
Joquita  Walton - Hughes County Clerk
State of Oklahoma

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform mortgage covering real property

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1.  **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.

2.  **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.

3.  **Application of payments.** Unless applicable law or Government's regulations provide otherwise all payments received by the Government shall be applied in the following order of priority:  (a) to advances made under this instrument;  (b) to accrued interest due under the note;  (c) to principal due under the note;  (d) to late charges and other fees and charges.

4.  **Taxes, liens, etc.** Borrower shall pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.

5.  **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in:  (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation;  (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and  (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full.  Such money may, at the option of the Government, be applied on the debt whether due or not.  The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government.  In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases.  Borrower warrants that as of the date of executing this instrument no default exists under existing leases.  Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law.  Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents.  Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6.  **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government.  If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et seq. and Government regulations.  All insurance policies and renewals shall include a standard mortgagee clause.

7.  **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower.  Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements.  All such advances shall bear interest at the same rate as the note which has the highest interest rate.  All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand.  No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay.  Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

Initial __TL__ Date 2-20-15
__KL__    2-20-15

**FSA-2029 OK** (08-13-14) Page **2** of **7**

Instrument
2015000002561

PG

2 OF 7

L2015-000263    Book 1510 Pg 243
Fee:          .00    Doc:    $ 0.00
Joquita Walton - Hughes County Clerk
State of Oklahoma

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees, trustees' fees; court costs, and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15. **Adjustment; release; waiver; forbearance.** In accordance with Government regulations, the Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on the note, (d) release any party who is liable under the note from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16. **Graduation.** If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

Initial 𝓣 𝓛    Date 2-20-15
         K L         2-20-15

Instrument
20150000 2561

PG

3 OF

7

Case 5:18-cv-00262-SLP   Document 1-4   Filed 03/23/18   Page 4 of 70
02/20/2015    pm Pg 0237-0243
Fee: $ 25.00    Doc:    $ 0.00
Joquita Walton - Hughes County Clerk
State of Oklahoma

Instrument
201500002561    PG    4 OF    7

17. **Forfeiture.** Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18. **False statement.** Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19. **Cross collateralization.** Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20. **Highly erodible land; wetlands.** Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21. **Non-discrimination.** If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22. **Notices.** Notices given under this instrument shall be sent by certified mail unless otherwise required by law. Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23. **Governing law; severability.** This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24. **Successors and assigns; joint and several covenants.** The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note: (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument; (b) is not personally obligated to pay the sums secured by this instrument; and (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25. **No merger.** If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26. Time is of the essence. Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.

Initial ___ Date 2-20-15

KL    2-20-15

**FSA-2029 OK** (08-13-14) Page 4 of 7

Instrument
201500002561      PG    5 OF    7

Fee:    $ 25.00      Doc:    $ 0.00
Joquita Walton - Hughes County Clerk
State of Oklahoma

NON-UNIFORM COVENANTS.  Borrower further COVENANTS AND AGREES as follows:

27. **Default; Government's Remedies upon Default.**  Default occurs under this instrument if Borrower breaches any covenant, obligation or agreement contained in this instrument or in the note secured by this instrument.  Upon default, the Government shall give notice of the default to Borrower prior to acceleration if required by applicable law.  If the default is not cured, the Government, at its option, may:  (a) accelerate the maturity of the note and declare immediately due and payable the entire amount unpaid under the note and any other indebtedness which is secured by this instrument;  (b) for the account of Borrower, incur and pay reasonable expenses for the repair and maintenance of and take possession of, operate or rent the property;  (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases;  (d) foreclose this instrument and sell the property in accordance with the remedies provided in this instrument and under applicable federal or state law; and  (e) enforce any and all other rights and remedies provided herein or by present or future law.  Proceeding under this instrument, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

28. **Application of foreclosure proceeds.**  The proceeds of foreclosure sale shall be applied in the following order to the payment of:  (a) costs and expenses incident to enforcing or complying with this instrument,  (b) any prior liens required by law or a competent court to be so paid,  (c) the debt evidenced by the note and all other debt to the Government secured by this instrument,  (d) inferior liens of record required by law or a competent court to be so paid,  (e) at the Government's option, any other debt of Borrower to the Government and  (f) any balance to Borrower.  If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government, in the order prescribed above.

29. **Waiver.**  Borrower agrees that the Government will not be bound by any present or future State laws,  (a) providing for valuation, appraisal, homestead or exemption of the property,  (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought,  (c) prescribing any other statute of limitations,  (d) allowing any right of redemption or possession following any foreclosure sale, or  (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

30. **Collection of Assigned Monies.**  Borrower agrees that the Government has the immediate right to collect and receive any and all monies covered under the assignment provided in paragraph 5 of this instrument.  In the event that Borrower receives such monies directly, Borrower will immediately deliver such monies to Government with any necessary endorsements.

31. **Entitlement to Abstracts.**  In the event that this mortgage is foreclosed or if the property is conveyed by Borrower to Government, Government shall be entitled to all abstracts and other evidences of title pertaining to the property.  Upon demand by Government, Borrower agrees to immediately deliver such abstracts and other evidences of title to Government.  The definition of "property" herein is amended to include such abstracts and other evidences of title.

32. **Replacement and Corrected Documents.**  If any document material to this loan transaction is lost, misplaced, misstated or inaccurately reflects the true and correct terms and conditions of this loan transaction, upon request by the Government, Borrower will comply with the Government's request to execute, acknowledge, initial and deliver to the Government any and all documentation the Government deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s).

33. **Additional Documents.**  Borrower shall, upon request by the Government, execute, acknowledge and deliver to the Government any and all additional documents, instruments and further assurances as may be necessary or proper in the Government's opinion, to effect the intent of this loan transaction or to provide the Government with the security required or contemplated for this loan transaction.

34. **Subrogation.**  If any of the proceeds of the note or advances made under the note or this instrument are used to take up outstanding liens against all or any part of the property, the Government shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by the Government by assignment or are released by the holder thereof upon payment.

Initial _TC_   Date _2-20-15_

KL    2-20-15

**FSA-2029 OK** (08-13-14) Page **5** of 7

Instrument
201500002561   PG   6 OF   7

Fee:   25.00   Doc:   $ 0.00
Joquita Walton - Hughes County Clerk
State of Oklahoma

35. **Riders to this Instrument.** If one or more riders are executed by Borrower and recorded together with this instrument, the covenants and agreements of each rider shall be incorporated into and shall amend and supplement the covenants and agreements of this instrument as if the riders were a part of this instrument. [Check applicable boxes]

☐ Extension of Lien Rider   ☐ Refinancing Rider   ☐ Other *(Specify)* _____

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_____   (SEAL) _____   (SEAL)
Tony Douglas Lacy

_____   (SEAL) _____   (SEAL)
Kami Faye Lacy

ACKNOWLEDGMENTS

STATE OF OKLAHOMA
COUNTY OF ___Hughes___   } *ss:*   (Individual)

On this   20th   day of   February 2015   , before me personally appeared
Tony Douglas Lacy and Kami Faye Lacy, husband and wife
to be known to me to be the same whose name is subscribed to the instrument, and acknowledged that (he or she) signed and delivered the instruments as (his or her) free and voluntary act, for the uses and purposes set forth.

KRISTINA WELLS
Notary Public in and for Hughes
State of Oklahoma - County of Hughes
Commission # 04008455
My Commission Expires:
9-16-16

_____
NOTARY PUBLIC

NOTE:   The following is made in accordance with the Privacy Act of 1974 (5 USC 552a – as amended). The authority for requesting the information identified on this form is the Consolidated Farm and Rural Development Act, as amended (7 U.S.C. 1921 et. seq.). The information will be used to determine eligibility and feasibility for loans and loan guarantees, and servicing of loans and loan guarantees. The information collected on this form may be disclosed to other Federal, State, and local government agencies, Tribal agencies, and nongovernmental entities that have been authorized access to the information by statute or regulation and/or as described in the applicable Routine Uses identified in the System of Records Notice for USDA/FSA-14, Applicant/Borrower. Providing the requested information is voluntary. However, failure to furnish the requested information may result in a denial for loans and loan guarantees, and servicing of loans and loan guarantees. The provisions of criminal and civil fraud, privacy, and other statutes may be applicable to the information provided.

According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0237. The time required to complete this information collection is estimated to average 30 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

The U.S. Department of Agriculture (USDA) prohibits discrimination against its customers, employees, and applicants for employment on the basis of race, color, national origin, age, disability, sex, gender identity, religion, reprisal, and where applicable, political beliefs, marital status, familial or parental status, sexual orientation, or all or part of an individual's income is derived from any public assistance program, or protected genetic information in employment or in any program or activity conducted or funded by the Department. (Not all prohibited bases will apply to all programs and/or employment activities.) Persons with disabilities, who wish to file a program complaint, write to the address below or if you require alternative means of communication for program information (e.g., Braille, large print, audiotape, etc.) please contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). Individuals who are deaf, hard of hearing, or have speech disabilities and wish to file either an EEO or program complaint, please contact USDA through the Federal Relay Service at (800) 877-8339 or (800) 845-6136 (in Spanish).

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at **http://www.ascr.usda.gov/complaint_filing_cust.html**, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter by mail to U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at **program.intake@usda.gov**. USDA is an equal opportunity provider and employer.

Initial _____   Date 2-20-15
2-20-15

**FSA-2029 OK** (08-13-14) Page 6 of 7

I-L2015-001263   Book 1310 Pg: 243
02/20/2015  1:13 pm  Pg 0237-0243
Fee:   $ 25.00      Doc:    $ 0.00
Joquita  Walton - Hughes County Clerk
State of Oklahoma

## FSA-2029-OK EXHIBIT A

### Tony Douglas Lacy
### Kami Faye Lacy

Instrument          PG      7 OF      7
201500002561

**Surface Interest Only:**

The Southeast Quarter of the Southwest Quarter (SE/4 SW/4) and the Southwest Quarter of the Southeast Quarter (SW/4 SE/4) and a tract described as beginning at the Southwest Corner of the Southeast Quarter of the Southeast Quarter (SE/4 SE/4); thence East 256 feet; thence North 256 feet; thence West 256 feet; thence South 256 feet to the point of beginning, all in Section Four (4), Township Nine (9) North, Range Three (3) East of the Indian Meridian, Pottawatomie County, Oklahoma,

LESS AND EXCEPT a tract of land described as beginning 2292.84 feet West of the Southeast Corner of said Section Four (4), Township Nine (9) North, Range Three (3) East; thence N00°06'03"E a distance of 565.73 feet; thence S89°50'47"W a distance of 670.41 feet; thence S00°06'11"W a distance of 566.73 feet; thence East a distance of 670.41 feet to the point of beginning, and

LESS AND EXCEPT a tract of land in Section Four (4), Township Nine (9) North, Range Three (3) East of the Indian Meridian, Pottawatomie County, Oklahoma, described as beginning at a point 2292.84 feet West and 565.73 feet N00°06'03"E of the Southeast corner of said Section 4; thence N00°06'03"E a distance of 156.5 feet; thence S89°50'47"W a distance of 826.91 feet; thence S00°06'11"W a distance of 722.81 feet; thence East a distance of 156.5 feet; thence N00°06'11"E a distance of 566.73 feet; thence N89°50'47"E a distance of 670.41 feet to the point of beginning.

AND

The East Half of the Northwest Quarter of the Northwest Quarter of (E2NWNW) Section Eleven, Township Eight North, Range Eight East (11-8N-8E), Hughes County, Oklahoma containing 20 acres more or less.

Initial _T_L_  Date_2-20-15_

KL           2-20-15

**FSA-2029 OK** (08-13-14) Page 7 of 7

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. UNITED STATES OF AMERICA,<br>     Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | CIV- |
| 1. TONY DOUGLAS LACY,<br>2. KAMI FAYE LACY,<br>     a/k/a Kami Faye Odum,<br>3. POTTAWATOMIE COUNTY TREASURER,<br>4. BOARD OF COUNTY COMMISSIONERS OF<br>     POTTAWATOMIE COUNTY;<br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |

---

## VERIFICATION OF UNITED STATES

---

I, Clay Combes, Farm Loan Specialist, am familiar with the books and records of Farm Service Agency regarding the account of Defendant Tony Douglas Lacy, and do hereby state and verify, as follows:

1.     I have examined the Promissory Notes, Mortgage, and Statement of Account and have verified the accuracy of the amount owing to the United States.

2.     I have read the Complaint to be filed of record with this Court.  I have knowledge of the facts and figures stated therein; and I believe the statements of fact and figures set forth are true and correct.

3.     This account is now in default.

Exhibit 5 - Verification

Dated *March 22 nd*, 2018.

_____
CLAY COMBES
Farm Loan Specialist

**STATE OF OKLAHOMA** )
                    ) *SS*
**COUNTY OF** *Johnston* )

Before me on *March 22 nd*, 2018, personally appeared Clay Combes, known by me to be the identical person who executed this instrument and acknowledged to me that the same is true and correct, to the best of his knowledge and belief.

Witness my hand and seal the day and year written above.

_____
Notary Public, State of Oklahoma
expires 2-8-19

(seal)

2

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | TONY DOUGLAS LACY, ET AL. |

| (b) County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant    Pottawatomie |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Kay Sewell<br>Assistant United States Attorney, OBA #10778<br>210 W. Park Ave, Suite 400<br>Oklahoma City, OK 73102<br>405-553-8807 405-553-8885-FAX | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government<br>      Plaintiff

☐ 3   Federal Question<br>      *(U.S. Government Not a Party)*

☐ 2   U.S. Government<br>      Defendant

☐ 4   Diversity<br>      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**LABOR**<br> <br>**SOCIAL SECURITY** | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation<br>☒ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |
| | | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding    ☐ 2   Removed from State Court    ☐ 3   Remanded from Appellate Court    ☐ 4   Reinstated or Reopened    ☐ 5   Transferred from Another District *(specify)*    ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1345

Brief description of cause:
Foreclosure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
310,617.18

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 03/23/2018 | /s/ Kay Sewell, AUSA, OBA #10778 |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____